# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| DERRICK E. STEILMAN,<br><br>    Petitioner,<br><br>vs.<br><br>REGINALD D. MICHAEL;<br>ATTORNEY GENERAL OF THE<br>STATE OF MONTANA,<br><br>    Defendant. | CV 19-38-BU-BMM<br><br>ORDER |

Petitioner Derrick E. Steilman applied for writ of habeas corpus under 28 U.S.C. § 2254 on July 30, 2019. (Doc. 1.) United States Magistrate Judge Kathleen L. DeSoto issued her Findings and Recommendations on November 21, 2019. (Doc. 8.) Judge DeSoto recommends that the Court dismiss Steilman's Petition as time-barred without excuse. (*Id.* at 9.) Judge DeSoto found that Steilman's petition is time-barred because Steilman failed to file his petition for writ of habeas corpus within one year of the Supreme Court's decision *Miller v. Alabama*, 567 U.S. 460 (2012). (*Id.* at 4.) Steilman filed an objection to Judge DeSoto's Findings and Recommendations on December 26, 2019. (Doc. 11.)

The Court reviews de novo those Findings and Recommendations to which a party timely objected. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a reargument of the same arguments set forth in the original response, however, the Court will review the applicable portions of the Findings and Recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Steilman objects to Judge DeSoto's conclusion that the time period for him to file his petition began when the Supreme Court decided *Miller*. (Doc. 11 at 5, 7-9.) Steilman argues that the time period for him to file his petition began on January 25, 2016, when the Supreme Court decided *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). (*Id.*) Steilman further objects to Jude DeSoto's conclusion that equitable considerations did not toll the statute of limitations. (*Id.* at 9-14.)

Steilman advances the same arguments he made in his Petition. Judge DeSoto considered those arguments in making her recommendation to the Court. The Court finds no specific objections that do not attempt to relitigate the same

2

arguments and will review Judge DeSoto's Findings and Recommendations for clear error. *See Rosling*, 2014 WL 693315 at *3. The Court finds no error.

Steilman objects to Judge DeSoto's recommendation to deny Steilman a certificate of appealability. (Doc. 11 at 18-19.) "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A certificate of appealability should issue as to those claims on which the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court has found no clear error in Judge DeSoto's findings that Steilman's petition is procedurally barred. The Court will grant a Steilman a certificate of appealability, however, if Steilman chooses to appeal this Court's decision in this Order. Steilman must file a notice of appeal within 60 days and may then move the Ninth Circuit to appoint new counsel to represent him.

Accordingly, **IT IS ORDERED** as follows:

1. Judge DeSoto's Findings and Recommendations (Doc. 8) are **ADOPTED, IN PART,** and **DENIED, IN PART**.

2. Steilman's Petition (Doc. 1) is **DISMISSED WITH PREJUDICE** as time-barred without excuse.

3. The Clerk of Court shall ensure that all pending motions in this case are terminated and shall close the civil file by entering a judgment of dismissal in favor of Respondents and against Petitioner.

4. A certificate of appealability is **GRANTED**. The Clerk of Court shall immediately process the appeal if Steilman files a Notice of Appeal.

DATED this 22nd day of January, 2020.

Brian Morris
United States District Court Judge